**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**CARL SMITH,**

                    **Plaintiff,**                **5:12-cv-1879
                                                                (GLS/ESH)**

                    v.

**COMMISSIONER OF SOCIAL
SECURITY,**

                    **Defendant.**
_____

**APPEARANCES:**                               **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Carl Smith
Pro Se
265 Embury Rd.
Rochester, New York 14625

**FOR THE DEFENDANT:**
HON. RICHARD S. HARTUNIAN      SERGEI ADEN
United States Attorney                 Special Assistant U.S. Attorney
Syracuse, NY 13261

Steven P. Conte
Regional Chief Counsel
Social Security Administration
Office of General Counsel, Region II
26 Federal Plaza, Room 3904
New York, NY 10278

**Gary L. Sharpe
Chief Judge**

### MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff *pro se* Carl Smith challenges defendant Commissioner of Social Security's denial of Disability Insurance Benefits (DIB), seeking review under 42 U.S.C. § 405(g). (Compl., Dkt. No. 1.) In a Report and Recommendation (R&R) filed March 18, 2014, Magistrate Judge Earl S. Hines recommended that the case be remanded for further administrative proceedings pursuant to sentence six of 42 U.S.C. § 405(g). (Dkt. No. 18.) Pending are the Commissioner's objections to the R&R. (Dkt. No. 19.) For the reasons that follow, the court adopts the R&R in its entirety.

## II. Background[1]

On June 24, 2010, Smith filed an application for DIB under the Social Security Act ("the Act"), alleging disability since October 15, 2009. (Tr.[2] at 61, 130-31.) After his application was denied, Smith requested a hearing before an Administrative Law Judge (ALJ), which was held on August 16, 2011. (*Id.* at 34-60, 62-67, 69.) On August 31, 2011, the ALJ issued a decision denying the requested benefits, which became the Commissioner's final determination upon the Social Security Administration

---

[1] The court incorporates the factual recitations of the parties and Judge Hines. (*See generally* Dkt. Nos. 14, 15, 18.)

[2] Page references preceded by "Tr." are to the Administrative Transcript. (Dkt. No. 12.)

2

Appeals Council's denial of review. (*Id.* at 8-10, 14-30.)

Smith commenced the present action by filing a complaint on December 26, 2012, seeking judicial review of the Commissioner's determination. (Compl.) After receiving the parties' briefs, Judge Hines issued an R&R recommending that the Commissioner's decision be remanded for further proceedings. (*See generally* Dkt. No. 18.)

### III. Standard of Review

By statute and rule, district courts are authorized to refer social security appeals to magistrate judges for proposed findings and recommendations as to disposition. *See* 28 U.S.C. § 636(b)(1)(A), (B); N.D.N.Y. L.R. 40.1, 72.3(d); General Order No. 18. Before entering final judgment, this court reviews report and recommendation orders in cases it has referred to a magistrate judge. If a party properly objects to a specific element of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at *3, *5 (N.D.N.Y. Jan. 18, 2006). In cases where no party has filed an objection, only vague or general objections are made, or a party resubmits the same papers and arguments already considered by the magistrate

3

judge, this court reviews the findings and recommendations of the magistrate judge for clear error. *See id.* at *4-5.

## IV. Discussion

The Commissioner raises one specific objection to the R&R, which the court will review *de novo*. The remainder of the R&R will be reviewed for clear error.

## A. New Evidence

The Commissioner objects to Judge Hines' conclusion that new evidence, not previously available to the ALJ or Appeals Council, should be considered at the agency level. (Dkt. No. 19 at 2-4.) According to the Commissioner, a "sentence six" remand is not appropriate here, as the new evidence is not material. (*Id.*)

As Judge Hines explained, upon judicial review of a denial of benefits, a district court may remand a case to the Commissioner to consider additional evidence that was not included as part of the original administrative proceedings. (Dkt. No. 18 at 9-10); *see* 42 U.S.C. § 405(g) ("The court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the

failure to incorporate such evidence into the record in a prior proceeding . . . ."). This type of remand, commonly referred to as a "sentence six remand," is only appropriate if a claimant can show that the evidence is: (1) new and not cumulative of what is already in the record; (2) material in that it is relevant to the claimant's condition during the time period for which benefits were denied and there is a reasonable possibility that the new evidence would have influenced the Commissioner to decide the disability determination differently; and (3) good cause has been shown for failing to present the evidence earlier. *See Lisa v. Sec'y of Dep't of Health and Human Servs.*, 940 F.2d 40, 43 (2d Cir. 1991); *Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir. 1988).

In her decision, the ALJ found that Smith was under a disability, but that a substance use disorder is a contributing factor material to the determination of disability, and, therefore, Smith was not disabled under the meaning of the Act and not entitled to benefits. (Tr. at 18-30); *see* 42 U.S.C. § 423(d)(2)(C); 20 C.F.R. § 404.1535(b)(2)(i). Specifically, the ALJ noted that, if Smith stopped his substance use, he would be able to perform a full range of work at all exertional levels, understand, carry out, and remember simple instructions, and sustain attention for two hour

5

segments of time.  (Tr. at 22.)  Further, without substance use, Smith would be able to work in a low-contact setting and adapt as needed to routine adjustments in such a work setting.  (*Id.*)  The ALJ based her decision on the clinical findings of record as well as the opinion of non-examining psychological consultant E. Kamin, who reported that "with continued abstinence and sobriety [Smith] could meet the basic demands of unskilled work in a low contact setting."  (*Id.* at 24-28, 300.)

In November 2012—after the ALJ rendered her decision and the Appeals Council denied Smith's request for review—treating psychiatrist Eric MacMaster opined that, since August 2010, Smith has been markedly restricted in his ability to interact appropriately with the public and supervisors, as well as respond appropriately to usual work situations and changes in a routine work setting.  (*Id.* at 8-10.)  Moreover, Dr. MacMaster opined that Smith's alcohol and substance abuse do not contribute to his limitations.  (*Id.* at 9.)  Judge Hines found that this opinion evidence requires remand because it is new, material, and the record reflects good cause for Smith not having produced it earlier.  (Dkt. No. 18 at 12-19.) According to the Commissioner, however, Dr. MacMaster's opinion does not satisfy the materiality requirement of 42 U.S.C. § 405(g), because Dr.

6

MacMaster did not treat Smith during the relevant time period, offers no clinical findings to support his opinion, and the remainder of the record "extensively" supports the ALJ's conclusion that Smith's substance abuse was a contributing factor material to the determination of disability. (Dkt. No. 19 at 2-4.)

"The concept of materiality requires, [among other things,] a reasonable possibility that the new evidence would have influenced the Secretary to decide claimant's application differently." *Lisa,* 940 F.2d at 43 (citation omitted). Notably, "[e]vidence developed after the ALJ's decision can be material if it 'shed[s] light on the seriousness of the claimant's condition at the time of the ALJ's decision.'" *Mendez ex rel. E.V. v. Astrue*, No. 11-CV-4297, 2013 WL 1686485, at *10 (E.D.N.Y. Apr. 18, 2013) (quoting *Carballo ex rel. Cortes v. Apfel*, 34 F. Supp. 2d 208, 223 (S.D.N.Y. 1999)). The Commissioner argues that Dr. MacMaster's report does not suggest that Smith's condition was more serious than previously thought, and does not "significantly depart" from the ALJ's residual functional capacity determination. (Dkt. No. 19 at 3-4.) However, as Judge Hines pointed out, Dr. MacMaster's opinion suggests that Smith's limitations are more severe than those found by Dr. Kamin, whose opinion the ALJ relied

7

on, and is in direct contradiction to the ALJ's conclusion that substance use is a factor material to the determination of disability. (Dkt. No. 18 at 12-13.) The ALJ concluded that, if Smith stopped using substances, he would have mild or moderate difficulties in social functioning, and mild difficulties in concentration, persistence, or pace. (Tr. at 21.) Dr. MacMaster, on the other hand, opined that, irrespective of drug addiction and alcoholism, Smith suffers marked limitations in these areas. (*Id.* at 9.)

The Commissioner also argues that Dr. MacMaster's opinion would not have changed the ALJ's determination because he was not a treating physician at the time of the ALJ's determination, he does not specify "any medical findings or explanations that shed light on [Smith's] condition during the relevant period," and his opinion is in contradiction to the contemporaneous evidence of record. (Dkt. No. 19 at 2-4.) However, the fact that Dr. MacMaster was not a treating physician during the relevant time period does not mean that his retrospective opinion should not be given some, or even significant weight.[3] *See Monette v. Astrue*, 269 F. App'x 109, 113 (2d Cir. 2008). In addition, the court notes that Smith

---

[3] It appears that Dr. MacMaster replaced Smith's former treating physician at some point subsequent to the ALJ's decision. (Dkt. No. 14 at 6-7.)

8

submitted the opinion of his previous treating physician, referred to in the record as "Dr. Yeager," for consideration by the Appeals Council, but they returned the evidence to Smith for use in a subsequent application for disability benefits because it was "about a later time" than the ALJ's decision. (Tr. at 2.) Thus, this evidence is not contained in the record before the court. Presumably, Dr. Yeager's opinion supports Smith's allegations that his mental impairments, separate and apart from his drug use and alcoholism, are disabling. (Dkt. No. 18 at 16-17.) Although Dr. Yeager's report is not available for this court to review, it appears that the Appeals Council may have erred in failing to consider and weigh the opinion due only to the fact that it was rendered two months after the ALJ's decision. (Tr. at 2;) see *Flagg v. Colvin*, No. 5:12-CV-0644, 2013 WL 4504454 at *5 (N.D.N.Y. Aug. 22, 2013) (rejecting the argument that the Appeals Council may properly dismiss a physician's opinion solely because it was completed after the date of the ALJ's decision.) In light of these two treating physician opinions which have not been considered by the Commissioner, and the nature of Smith's longstanding mental impairments, the court agrees with Judge Hines that remand is appropriate here.

**B.  Remaining Findings and Conclusions**

9

Having addressed the Commissioner's specific objection *de novo*, and otherwise finding no clear error in the R&R, the court accepts and adopts Judge Hines' R&R in its entirety.

## V.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Earl S. Hines' March 18, 2014 Report and Recommendation (Dkt. No. 18) is **ADOPTED** in its entirety; and it is further

**ORDERED** that this action be remanded to the Commissioner for further consideration pursuant to sentence six of 42 U.S.C. § 405(g); and it is further

**ORDERED** that the Clerk administratively close this case while the Commissioner is considering the new evidence, including the medical opinion of Dr. Yeager, on remand.  Following remand, the Commissioner shall file with this court the findings of fact and decision, and, if the Commissioner's decision is not fully favorable to Smith, a transcript of the additional record and testimony upon which the Commissioner's modification or affirmance of the prior decision is based.  The court shall

retain jurisdiction to hear any further appeals of the Commissioner's determination.

**IT IS SO ORDERED.**

July 10, 2014
Albany, New York

_____
Gary L. Sharpe
Chief Judge
U.S. District Court